UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:12-cv-11908-FDS

EURIE A. STAMPS, JR. and NORMA
BUSHFAN STAMPS, Co-Administrators of the
Estate of Eurie A. Stamps, Sr.,

    Plaintiffs,

    v.

THE TOWN OF FRAMINGHAM, and
PAUL K. DUNCAN, individually and in his
Capacity as a Police Officer of the Framingham
Police Department,

    Defendants.

**PLAINTIFFS' OBJECTION TO MEMORANDUM AND FINAL ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS FROM THE OFFICE OF THE MIDDLESEX DISTRICT ATTORNEY**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Plaintiffs submit the following objections to specific rulings made in Magistrate Judge Collings' Memorandum and Final Order on Plaintiffs' Motion to Compel Production of Subpoenaed Documents from the Office of the Middlesex District Attorney, entered on February 27, 2014. Specifically, the Plaintiffs take issue with the ruling that the District Attorney met its burden to prove the applicability of any privilege or protection with regard to the following sets of documents: Bates ## 146-149, ## 211-214, ## 262-263, and ##323-324. For reasons set forth herein, Plaintiffs respectfully ask this Court to reconsider Judge Collings' decision to sustain the District Attorney's assertions of privilege and to compel the production of those documents.

1

## I. The Deliberative Process Privilege Does Not Apply To The Withheld Documents

In its response to the Plaintiffs' October 10, 2013 Motion to Compel Production of Subpoenaed Documents, the Middlesex District Attorney relied on the "deliberative process" privilege as the basis for most of its objections. For example, the District Attorney withheld production of a memorandum sent from the District Attorney to his subordinates wherein the District Attorney commented on a draft report on the Stamps' shooting; the memorandum contains handwritten notes addressing each of the District Attorney's comments. Additionally, the District Attorney withheld production of a cache of emails sent by and between members of his staff concerning the District Attorney's investigation into the Stamps shooting in February, 2011.

Plaintiffs respectfully aver that Magistrate Judge Collings erred in sustaining the District Attorney's assertion of the deliberative process privilege as to the documents contained within Bates ## 146-149, 211-214, and 323-324. The deliberative process privilege does not apply to these documents. The mere fact that the memorandum and emails were circulated prior to the District Attorney rendering a decision on what action to take in the Stamps case alone is insufficient to shield these documents from production under the deliberative process privilege. To fall within the privilege, the documents must concern broad matters of public policy being developed by the agency to be privileged. N.O. v. Callahan, 110 F.R.D. 637, 643 (D. Mass. 1986). The deliberative process privilege does not protect observations of fact or comments about routine administrative matters. Rather, the privilege applies only to information that is related to the formulation of official policy. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 151-53 (1975).

Here, the District Attorney and his subordinates conducted a routine investigation into a shooting that involved a Massachusetts police department. Such an investigation is commonplace to the duties and responsibilities of the District Attorney's office. The investigation did not concern broad consideration of public policy vis-à-vis the District Attorney's office, nor did it result in any changes to the agency's public policy positions.

Even if the deliberative process privilege is applicable to these documents, which it is not, the privilege can be overcome if the requesting party can show a particular need for the information that outweighs the public interest in maintaining the privilege. In re Pharmaceutical Industry Average Wholesale Price Litigation, 254 F.R.D. 35, 40 (D. Mass. 2008) ("The Court must balance the public interest in the protection of the deliberative process against the movant's particularized need for the information as evidence in the case before it. To compel disclosure, the movant must 'make a showing of necessity sufficient to outweigh the adverse effects the production would engender.'"). Here, the Plaintiffs have repeatedly argued to this Court that these documents and communications are essential to the fair adjudication of this case. As the Plaintiffs argued in their Motion to Compel, the alleged violations of Mr. Stamps' Constitutional rights should be weighed against the applicability of this privilege. Velazquez v. City of Chicopee, 226 F.R.D. 31 (D. Mass. 2004), citing Mason v. Stock, 869 F.Supp.828, 833 (D.Kan.1994) (holding that in civil rights cases, "an assertion of privilege must 'overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action'").

Where the withheld documents are not protected by the deliberative process privilege, production of the documents should be compelled by this Court.

## II. The Withheld Emails Exchanged Between the District Attorney And Others Were Not Made In Anticipation of Litigation And Therefore Are Not Protected

The Plaintiffs further object to the withholding of emails exchanged by and between the District Attorney and members of his staff after the District Attorney decided not to prosecute. Judge Collings erred in sustaining the District Attorney's assertion of work product protection for these documents as they were not made in anticipation of litigation.

For the work product protection to apply to these emails, the District Attorney would need to have anticipated a lawsuit brought against his office by the Stamps family. As the District Attorney and his subordinates were not involved in the shooting, and were merely conducting a post-incident investigation into the shooting, the District Attorney had no reason to anticipate litigation being brought against his office. An amorphous belief that litigation may result from the shooting is an insufficient basis for the assertion of the work product protection. City of Springfield v. Rexnord Corp., 196 F.R.D. 7, 8 (D. Mass. 2000) (finding relevant to an analysis of work product protection the fact that the documents "were not prepared in anticipation of the *instant* litigation") (emphasis in original); United States v. International Business Machines Corp., 66 F.R.D. 154, 178 (S.D.N.Y. 1974) (to be protected under the work product doctrine, material "must be prepared 'in anticipation of litigation or for trial' in the case in which the special immunity accorded to such material is sought.").

The District Attorney had no reason to believe it would be named a party to this litigation. Where these documents were not created for or in anticipation of litigation, work product protection does not apply and production of these documents should be compelled by this Court.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court reconsider this Order and compel the production of the aforementioned documents.

Respectfully submitted,

The Plaintiffs,
Eurie A. Stamps, Jr. and Norma Bushfan Stamps, Co-Administrators of the Estate of Eurie A. Stamps, Sr.
By their attorneys,


/s/ Joseph P. Musacchio
Anthony Tarricone, BBO #492480
Joseph P. Musacchio, BBO #365270
KREINDLER & KREINDLER, LLP
277 Dartmouth Street
Boston, MA  02116
(617) 424-9100
atarricone@kreindler.com
jmusacchio@kreindler.com

DATED: March 11, 2014

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

      */s/ Joseph P. Musacchio*